UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        -v-                 3:94-CR-328-2

WALTER DIAZ,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HON. JOHN. A. SARCONE III<br>  United States Attorney for the<br>    Northern District of New York<br>445 Broadway, Room 218<br>Albany, NY 12207 | JONATHAN S. REINER, ESQ.<br>Ass't United States Attorney |
| CRAVATH, SWAINE & MOORE LLP<br>Two Manhattan West<br>375 Ninth Ave<br>New York, NY 10001 | YONATAN EVEN, ESQ.<br>M. BRENT BYARS, ESQ.<br>MING-TOY TAYLOR, ESQ. |

DAVID N. HURD
United States District Judge

## ORDER GRANTING CLARIFICATION
## OF SENTENCE REDUCTION

    Defendant Walter Diaz ("Diaz" or "defendant") has spent over thirty years in state and federal prisons. On September 18, 2024, after carefully considering the extraordinary and compelling circumstances presented by Diaz, the Court granted in part his motion for compassionate release

pursuant to the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A).[1] Dkt. No. 822. Diaz's federal sentence of life in prison was reduced to a "total term" of 420 months, or thirty-five (35) years. *Id*. The Clerk of the Court was then directed to enter an Amended Judgment, Dkt. No. 823, to effectuate that relief. The Court's relief was clear. Diaz's "total term" of thirty-five years was intended to fully account for the decades he spent in state prison too.[2] *See id*. Yet, other actors have taken the Court's clear command and infused into it the steady static of bureaucratic noise.

The United States of America (the "Government") moved for partial reconsideration. Dkt. No. 825. In its motion, the Government offered somewhat deceptive arguments, selectively quoting the compassionate-release statue to argue that the Court failed to impose certain "mandatory" conditions when it "resentenced" Diaz. *Id*. After a full briefing, the Government's motion was denied as meritless. Dkt. No. 830.

---

[1] In his motion, Diaz asked the Court to reduce his federal sentence of life in prison to a term of time served. Dkt. No. 799.

[2] The Amended Judgment states that Diaz will be imprisoned for a total term of:

> 35 years, which consists of 30 years on Counts 3, 4, and 5; 5 years on Count 7; and 10 years on Count 9. All counts shall run concurrently, except for Count 7, which shall run consecutively. The defendant shall receive credit for time served on his state convictions. (No term of supervised release is imposed.)*

Dkt. No. 823.

- 2 -

The Court's Order remained: Diaz would serve a "total term" of thirty-five years. The Court understood this to mean that Diaz would be eligible for release from prison no later than 2026. *See id.* The Board of Prisons (the "BOP") disagreed.

Diaz's attorneys were informed by an unidentified BOP official that his federal sentence would terminate not in 2026, but in 2056. Specifically, the BOP official informed Diaz's attorneys that the Court's Amended Judgment was "silent on how it is to run the New York sentence," and therefore, under BOP Program Statement 5880.28, the sentence must be considered to run "consecutive." Ex. 1 to Decl. of M. Brent Byars, Dkt. No. 831-4.

On November 4, 2024, a BOP official informed the Court by e-mail of the same issue. According to the BOP official:

> The prior custody credit from the date of arrest (02-23-1993) until his state sentence was imposed (06-28-1994) is the only credit the BOP can consider under 18:3585(B).
>
> If the Court just wants the state and federal case to run concurrently, the BOP will look at potentially awarding the prior custody credit and his sentence would begin on the day it was imposed (07-22-1996). This would make his release date from the BOP approx. May of 2026.

November 4, 2024, Email from BOP

According to the BOP official, the Court's language describing Diaz's "credit" for his state sentences was improper. Dkt. No. 823 ("The defendant

- 3 -

shall receive credit for time served on his state convictions."). The BOP official explained that strictly adhering to the terms of the Court's Amended Judgment would require the BOP to violate 18 U.S.C. § 3585(b), which delegates authority to the BOP to compute an inmate's credit for time spent in prior custody once a term of imprisonment.

This turn of events necessitated Diaz to move the Court to clarify the Amended Judgment so that he may receive the relief the Court has already granted him. Dkt. No. 831. The same day, the Government took a direct appeal of the Court's Order reducing Diaz's sentence to the Court of Appeals for the Second Circuit. Dkt. No. 832. The Government's notice of appeal arguably divested the Court of jurisdiction. So with Diaz's motion fully briefed, Dkt. Nos. 836, 838, the Court waited to act.

On April 15, 2025, the Second Circuit granted the Government's motion to stay the parties' briefing schedule and remanded the case for resolution of Diaz's motion for clarification. Dkt. No. 841. With the Second Circuit's mandate and the parties' briefing, the Court may now proceed to do justice—again.

Courts may "provide additional clarification" to modify a ruling that is either "unclear or ambiguous." *Bank v. New York State Dep't of Agric. & Markets*, 2022 WL 1224327, at *2 (N.D.N.Y. Apr. 26, 2022) (D'Agostino, J.) (cleaned up). A court's discretion to clarify a prior ruling is broad. *See id.* A

- 4 -

court may even "provide the further clarification it sees fit" without granting a motion for clarification. *See id.* (citation omitted).

Diaz has moved for clarification of the Court's Amended Judgment. Dkt. No. 831. Specifically, Diaz requests that the Court add clarifying language to the Amended Judgment to enable the BOP to effectuate the Court's grant of relief. *Id.* First, defendant seeks to add clarifying language to the Amended Judgment which states:

> The total term of imprisonment is adjusted pursuant to Section 5G1.3(b) of the Sentencing Guidelines for Mr. Diaz's prior state incarceration on related offenses between February 23, 1993 and July 24, 1996, that will not be credited by the Bureau of Prisons. The adjusted sentence is 31 years and 7 months. Said federal sentence to run concurrently with the state sentence Mr. Diaz received for related offenses following his arrest in February 1993.

*Id.* Next, defendant seeks an addition to the Amended Judgment checking the box that corresponds with "[t]he court makes the following recommendations to the Bureau of Prisons" and including language that states:

> That the state prisons where Mr. Diaz has been imprisoned since July 24, 1996 be designated as the places of confinement for the service of Mr. Diaz's federal sentence.*

*Id.*

- 5 -

The Government has opposed. Dkt. No. 836. The Government argues that defendant is not seeking clarification, but rather further amendment of the Amended Judgment. *Id.*

Upon review, the Court finds that, in light of the highly unusual procedural posture of this case, clarification of the Amended Judgment is not only appropriate, but necessary. In its prior Decision and Order and Amended Judgment, the Court acted pursuant to its authority to grant, in part, Diaz's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c) is part of the 2018 amendments enacted by Congress to the First Step Act. It is law enacted by our bicameral legislature, signed into law by the President, and interpreted and applied by federal district courts in a limited number of cases where doing justice requires taking a second look. *See, e.g.*, *United States v. Russo*, 643 F. Supp. 3d 325, 339 (E.D.N.Y. 2022) (Block, J.) (The First Step Act is "a remarkable piece of bipartisan legislation by an otherwise divided Congress and reflected the realization by lawmakers on both sides of the aisle that sentencing reform of the judicial system was sorely needed").

After careful consideration of Diaz's record of extraordinary and compelling circumstances, including his relative youth at the time of his crimes, and his record of rehabilitation, and the relevant § 3553(a) factors,

- 6 -

the Court reduced Diaz's term of imprisonment to a "total term" of 420 months, or thirty-five (35) years.

Both the Decision and Order and the Amended Judgment expressly contemplated that Diaz's sentence would account for *all of* the time he has spent in state and federal custody. This is evidenced by the Court's language in both the Decision and Order granting in part Diaz's § 3582(c) motion and the Amended Judgment. *Supra.* The Court spoke in clear, detailed terms. But to the extent that there was any doubt, the Court removes it now.

Indeed, the Court intended that Diaz's "total term" of imprisonment of thirty-five years would account for his time in state custody. Specifically, the Court intended that Diaz's state and federal sentences would run concurrently. This includes all of the time Diaz spent in state custody. As discussed in the Court's previous Decision and Order, the Court has deemed Diaz's state crimes as "related" to his federal crimes. Thus, the Court was empowered under § 5G1.3(b) of the Sentencing Guidelines to consider the time Diaz spent in state prison in determining his "total term" of imprisonment.

To be clear, the BOP should have interpreted the Amended Judgment consistent with the applicable law, and the Court's clear intent, all along. However, clarification achieves justice even in the face of bureaucracy. Therefore, the Court will adopt the additional language in Diaz's proposed

order.³ Accordingly, for the reasons set forth above, the BOP is directed to take whatever steps necessary to effectuate and adhere to the Court's authority to grant such relief.

Therefore, it is

ORDERED that

1. Defendant's motion for clarification (Dkt. No. 831) is GRANTED; and

2. The Clerk of the Court is directed to enter an Amended Judgment consistent with the terms of this Order and terminate the pending motion.

IT IS SO ORDERED.

*David N. Hurd*
U.S. District Judge

Dated: June 10, 2025
       Utica, New York.

---

³ To the extent that there is any doubt that the Court can achieve this result upon a motion for clarification, the Court would, in the alternative, *sua sponte* reconsider its prior Decision and Order to grant the same relief described herein.

- 8 -